IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

GREEN GROSS                           :

    Petitioner,                    :

vs.                                   :     CIVIL ACTION 10-00585-CG-N

BRUCE A. PEARSON,                     :

    Respondent.                    :

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate proceeding pro se, filed a petition under 28 U.S.C. § 2241 (Doc. 1). Petitioner, however, failed to pay the required filing fee of $5.00 or file a motion to proceed without prepayment of fees. This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, and is now before the Court for Petitioner's failure to prosecute and to obey the Court's Order (Doc. 2).

The Court's Order dated October 21, 2010, (Doc. 2), ordered Petitioner by November 21, 2010 , to file a motion to proceed without prepayment or to pay the filing fee. Petitioner was warned that his failure to comply with the Court's Order within the prescribed time would result in a recommendation of dismissal of his action (Doc. 2). The Court's Order has not been returned to the Court nor has the Court, to date, heard from Petitioner since this Order was entered.

Due to Petitioner's failure to comply with the Court's Order of (Doc. 2), and upon consideration of the alternatives available to the Court, it is recommended that this action be

dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.   Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);   Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## CERTIFICATE OF APPEALABILITY

The undersigned recommends that a certificate of appealability (hereinafter COA) in this case be denied. The habeas corpus statute makes clear than an applicant in entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice of judge issues a COA. 28 U.S.C. § 2253 (c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2).   Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

2

was correct in its procedural ruling." Slack v McDaniel. 59 U.S. 473, 484 (2000); see Miller-El v Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Gross has failed to prosecute this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition of that Gross should be allowed to proceed further, Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 7th day of December, 2010.

       s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/KATHERINE P. NELSON  
UNITED STATES MAGISTRATE JUDGE